IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFREY JEROME WALKER,

    Petitioner,

v.                                      CASE NO. 5:16-cv-214-MP-GRJ

FLORIDA COMM'N ON
OFFENDER REVIEW, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case on July 25, 2016, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for leave to proceed in forma pauperis. (ECF Nos. 1–2.) Petitioner, however, did not file his motion to proceed as a pauper on the proper court-approved form, nor did he file the required Prisoner Consent Form and Financial Certificate. Accordingly, the Court ordered Petitioner to file an amended motion for leave to proceed in forma pauperis on the proper court-approved form and a completed Prisoner Consent Form and Financial Certificate by September 2, 2016. (ECF No. 4.) The Court informed Petitioner that further consideration of his petition would be deferred pending the filing of an amended motion to proceed as a pauper and a

prisoner consent form and financial certificate. (*Id.*) The Court also informed Petitioner that failure to comply with the Court's order or to show cause as to why Petitioner is unable to comply, may result in the dismissal of this case for failure to prosecute and failure to comply with an order of this court. (*Id.*)

Because Petitioner had failed to file an amended motion to proceed as a pauper or a prisoner consent form and financial certificate by October 31, 2016, the Court ordered Petitioner to show cause by December 1, 2016, as to why his petition should not be dismissed. (ECF No. 5.) The Court also informed Petitioner that failure to comply or to show cause as to why Petitioner is unable to comply, would result in the dismissal of his case for failure to prosecute and failure to comply with an order of this Court. (*Id.*) As of the date of this report and recommendation Petitioner has failed to comply with the Court's order.

Petitioner's failure to comply with the Court's orders has the effect of saddling the Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[. ]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983); *see*

also *Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir.1970) ( "It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]"). Moreover, the Local Rules of the Northern District of Florida provide that the Court may dismiss a case if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1.

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985). Here, Petitioner's failure to comply with the Court's order amounts not only to a failure to prosecute, but also an abandonment of his case for which dismissal is an appropriate sanction.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed without prejudice for failure to prosecute and failure to comply

with an order of this Court.

  **IN CHAMBERS**  this 3rd day of January, 2017.

         *s/Gary R. Jones*
         GARY R. JONES
         United States Magistrate Judge

### NOTICE TO THE PARTIES

  **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.